841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brown T. WORTHY, Plaintiff-Appellee,
and
James H. Little; John Clay; James W. Baldwin; Bobby
Campbell; Jimmie Anderson; Eddie Hicks; Carl L.
Cuthbertson; Truemain Mainor; Fred Johnson, Jr.; Charles
Neal; Hendrick Robinson; Willie Frazier, Jr.; James Gill,
Plaintiffs,
v.
BIGGERS BROTHERS, INC., Defendant-Appellant.
Carl L. CUTHBERTSON; Fred Johnson, Jr.; Calvin Gregory,
Plaintiffs- Appellants,
and
James H. Little; John Clay; Brown T. Worthy; James W.
Baldwin; Bobby Campbell; Jimmie Anderson; Eddie Hicks;
James Gill; Truemain Mainor; Charles Neal; Hendrick
Robinson; Willie Frazier, Jr., Plaintiffs,
v.
BIGGERS BROTHERS, INC., Defendant-Appellee.
 Nos. 86-1682, 86-1683.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 8, 1987.
Decided: Feb. 22, 1988.
 
 J.W. Alexander, Jr. (Blakeney, Alexander & Machen, on brief), for Biggers Brothers, Inc.
 Jonathan Wallas (C. Margaret Errington, Ferguson, Stein, Watt, Wallas and Adkins; Linwood O. Foust, on brief), for Brown T. Worthy, et al.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 This employment discrimination case was originally heard by this court in 1983. Cuthbertson v. Biggers Bros., Inc., 702 F.2d 454 (4th Cir.1983). The case was brought under 42 U.S.C. Secs. 1981, 2000e et seq, and alleged that the defendant, Biggers Brothers, Inc., had discriminated against its black employees. The trial court provisionally certified a class of all past and present black employees of Biggers Brothers. After a bench trial, the district court decertified the class but found that four of the class members had been discriminated against in that they had either been denied promotion or had their promotions delayed. 702 F.2d at 457. We reversed as to three of the plaintiffs, and vacated the judgment in favor of the fourth plaintiff, Brown T. Worthy. We remanded Worthy's case for further fact-finding. After a hearing on remand, the district court sustained Worthy's claim of discrimination and awarded him back pay, together with interest, attorney's fees and costs. At that juncture, the district court also dismissed with prejudice the plaintiffs Cuthbertson, Johnson and Gregory in accordance with our opinion.
 
 
 2
 Biggers Brothers appeals the finding of discrimination in favor of Worthy, as well as the computation of Worthy's back pay and like compensation. Cuthbertson, Johnson and Gregory appeal from the dismissal of their claims by the district court and its declining to reconsider the same.
 
 
 3
 We affirm the findings of discrimination in favor of Worthy, and we largely affirm the computation of his back pay and like compensation. We remand Worthy's case only to change the date on which his back pay and like compensation should commence.
 
 
 4
 We affirm the dismissal of the claims of Cuthbertson, Johnson and Gregory. Our earlier 1983 decision as to their claims was a final disposition of the same, adverse to them. Certiorari was available to them at that time, 28 U.S.C. Sec. 1254(1); see St. Louis, K.C. & C.R. Co. v. Wabash R. Co., 217 U.S. 247 (1910), Federal Practice and Procedure, Wright, Miller, Cooper (1978) Sec. 4036, and having not been granted, the merits of their claims were finally disposed of in 1983.
 
 
 5
 The facts of this case have been discussed at length in our previous opinion. Only those facts pertinent to our decision here will be restated. The defendant operates a commercial wholesale food distribution center in Charlotte, North Carolina. Brown T. Worthy was hired by the defendant in 1962 and originally worked in the defendant's warehouse, loading and unloading trucks. Worthy progressed to the transportation division after about eight months and served thereafter as a truck driver for about ten years.
 
 
 6
 The district court made specific findings of fact following the remand hearing. Unless clearly erroneous, we are bound by those findings of fact. Fed.R.Civ.P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564 (1985). The district court found that defendant made an offer in 1970 to Worthy of a promotion to sales, an offer that plaintiff accepted. Plaintiff thereafter was not transferred to sales. No subsequent offer of promotion to sales was made until November 1976, after the filing of plaintiff's EEOC charges in February 1976. The district court determined that Worthy had a continuing interest in the sales position from the time of the 1970 offer until he rejected the job in November 1976. This finding was based upon conflicting evidence and was hotly contested by both sides. The district court weighed the evidence and made specific credibility findings in favor of Worthy. Worthy's testimony and the evidence taken as favorable to him was neither so internally inconsistent nor implausible as to make this finding clearly erroneous, hence we follow the district court's finding. Anderson, supra.
 
 
 7
 Until the filing of the EEOC charge by Worthy, defendant had never hired a black salesman or a black sales trainee, despite the many salesmen in its employ and the fact that it employed black employees in its other departments. The district court found that Worthy was at least as qualified as, and better qualified than some, other salesmen hired from without or promoted from within by the defendant during the relevant time frame. Defendant argued that it required its salesmen to have previous food service experience, sales experience "and/or" (this functional word is apparently Biggers' and was used by the district court) two years' college level education. This requirement, however, was neither a written policy nor was it rigidly enforced. Additionally, Worthy met at least one of the "and/or" criteria. He had enough college level education and had previously worked in the food service industry. During the relevant time frame, 1974-76, defendant's exhibits showed that eight of sixteen sales representatives employed lacked the alleged two year college experience and several of them lacked the food experience as well. Thus, the facts obviously support the findings and conclusions of the district court that Worthy was discriminated against and was due relief.
 
 
 8
 The calculation of the back pay award due Worthy requires a court to determine the pay of a hypothetical employee in Worthy's sought-for position and to follow him as he advanced through the ranks. EEOC v. Korn Industries, Inc., 662 F.2d 256, 263-64 (4th Cir.1981); White v. Carolina Paperboard Co., 564 F.2d 1073 (4th Cir.1977). The court must determine the alternate course such an employee's employment with Biggers Brothers would have followed but for the discrimination.
 
 
 9
 The first limiting factor considered by the district court in determining back pay was the relevant statute of limitations. Worthy filed this action July 21, 1977. The relevant statute of limitation under North Carolina law is three years. N.C.Gen.Stat. Sec. 1-52(2) (1983).[1] Kornegay v. Burlington Industries, Inc., 803 F.2d 787 (4th Cir.1986). Thus, while the defendant's failure to promote Worthy in 1970 and subsequent failures with respect to sales positions that opened up prior to July 21, 1974 may be relevant in establishing a pattern of discrimination, they are not relevant in establishing the back pay commencement date. That period becomes "... merely an unfortunate event in history which has no present legal consequences...." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977). The district court initially considered awarding Worthy back pay from July 21, 1974 (three years before the case was filed) to November 18, 1976, the date on which Worthy rejected a second offer of promotion to sales. It concluded, however, to award back pay from November 15, 1974, the first date after the statute of limitations cutoff when Biggers Brothers hired someone less qualified than Worthy for a sales position. As this was the first sales position during the statutory period to open up, the district court found that the failure to promote Worthy to this position is the discriminatory act by which back pay is measured, and we would agree in ordinary circumstances.
 
 
 10
 Because Worthy was to be promoted from existing work force, however, there was the additional requirement that he train a replacement for his present position. Worthy testified to this. This requirement was not found to be pretextual nor was it even criticized by the district court. It is uncontroverted that Worthy began training his replacement, Fred Johnson, in May 1974. Worthy takes the position, which we accept, that this training was completed in February 1975. Had Biggers Brothers given Worthy the November 1974 sales opening, he would nevertheless have not been available for actual transfer to sales until February 1975.
 
 
 11
 We find no error with the other elements of the district court's back pay computations, i.e., the averaging of the earning differential between Worthy's salary and the three sales representatives to whom he was compared. We vacate the back pay award, therefore, and remand only for a redetermination based upon the period February 1, 1975 to November 18, 1976.
 
 
 12
 No. 86-1682 IS AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 13
 No. 86-1683 IS AFFIRMED.